PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MARLIN, *etc.*, | ) | |
| | ) | CASE NO. 5:23CV1621 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ASSOCIATED MATERIALS, LLC, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 32] |

Pending is Defendant's Motion to Dismiss First Amended Complaint Pursuant to Rules 12(b)(1) and (b)(6) (ECF No. 32). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, ECF No. 32 is granted.

### I. Background

Defendant manufactures vinyl windows and other building products at 11 manufacturing facilities across the United States and Canada. *See* First Amended Complaint (ECF No. 29) at PageID #: 285, ¶ 26. It suffered a ransomware attack in April 2023 that halted production at a few of its plants. The cybercriminal infiltrated Defendant's information network, and accessed the "full names, addresses, phone numbers, dates of birth, Social Security numbers and health insurance information" of thousands of individuals. *See* ECF No. 29 at PageID #: 280, ¶ 1.

On August 21, 2023, Plaintiff James Marlin filed the above-entitled putative class action. *See* Complaint (ECF No. 1). On February 23, 2024, a First Amended Complaint (ECF No. 29) was filed with leave of court by Plaintiffs James Marlin, Jaclyn Marlin, and Clarence W. Oliver

(5:23CV1621)

Jr.  It alleges three claims on behalf of a nationwide class.  The First Claim for Relief is for negligence.  The Second Claim for Relief is for breach of implied contract.  The Third Claim for Relief is for breach of the implied covenant of good faith and fair dealing.  During the relevant period, James Marlin and Clarence W. Oliver Jr. were both employed at Defendant's Woodbridge, New Jersey plant, and Jaclyn Marlin has no asserted connection to Defendant other than as the spouse of James Marlin.  *See* ECF No. 29 at PageID #: 284-85, ¶¶ 21, 22, and 24.

## II.  Standards of Review

### A.    Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

(5:23CV1621)

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### B. Motion to Dismiss Under Rule 12(b)(1)

In reviewing a facial attack to a complaint under Rule 12(b)(1) for lack of standing, "we must accept the allegations set forth in the complaint as true" while "drawing all inferences in favor of the plaintiff," just as we do in reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mosley v. Kohl's Dept. Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (quoting *Gaylor v. Hamilton Crossing CMBS*, 582 Fed.Appx. 576, 579 (6th Cir. 2014)). The Court then "examine[s] whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). But "a legal conclusion couched as a factual allegation" need not be accepted as true. *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

3

(5:23CV1621)

### III. Analysis

**A.     Standing**

Defendant asserts that Plaintiff lacks standing requiring dismissal of Plaintiffs' claims in full.  Article III of the Constitution limits federal courts to resolving "Cases" or "Controversies."  U.S. Const. art. III, § 2.  This text requires parties who seek recourse in federal court to have standing to sue.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  And under the well-known test, standing requires three things.  *See id.*  The plaintiff must assert a "concrete" and "particularized" "injury" that is "actual" (meaning that it has occurred) or "imminent" (meaning that it will occur soon).  *Id.*  Next, the injury must be "fairly traceable" to the actions that the plaintiff challenges.  *Davis v. Colerain Township*, 51 F.4th 164, 172 (6th Cir. 2022) (quoting *California v. Texas*, 593 U.S. 659, 679 (2021)).  Lastly, the plaintiff's requested remedy must be "likely to redress" the injury.  *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021).

Defendant argues Plaintiffs have failed to plead a concrete injury or any certainly impending risk of future harm despite being given the opportunity to amend their claims.  The "mere risk of future harm, standing alone, cannot qualify as a concrete harm" unless "the exposure to the risk of future harm itself causes a *separate* concrete harm."  *TransUnion*, 594 U.S. at 436 (emphasis in original).  "[P]laintiffs bear the burden of demonstrating that they have standing," *id.* at 430-31, but their conclusory allegations rely on contradictory assertions that "[i]t may very well be," Memorandum in Opposition (ECF No. 35) PageID #: 449, and they have "no way to know," ECF No. 35 at PageID #: 446.

Plaintiffs' Memorandum in Opposition (ECF No. 35) makes no attempt to tie the alleged credit card fraud suffered by Clarence W. Oliver Jr., *see* ECF No. 29 at PageID #: 285, ¶ 25, to

4

(5:23CV1621)

any actions of Defendant – who never possessed his credit card information. Plaintiffs also abandon allegations regarding the alleged increase in spam communications received by Jaclyn Marlin and Clarence W. Oliver Jr. *See* ECF No. 29 at PageID #: 285, ¶¶ 23 and 25. In addition, Plaintiffs effectively abandon their claims of "annoyance" and "anxiety," *see* ECF No. 29 at PageID #: 284, ¶18, which courts view as "easy to manufacture." *Garrett v. TransUnion, L.L.C.*, No. 04-CV-00582, 2006 WL 2850499, at *11 (S.D. Ohio Sept. 29, 2006).

Plaintiffs do not specify any steps they took or any length of "time spent verifying the legitimacy and impact of the Data Breach," or "exploring credit monitoring and identity theft insurance options." ECF No. 29 at PageID #: 283, ¶ 16. Therefore, Plaintiffs' allegations regarding loss of time are the type of " 'naked assertion[s]' devoid of 'further factual enhancement' " that are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs reference to "intangible" harms, *see* ECF No. 29 at PageID #: 283, ¶ 17, also fails to establish standing. Although the Supreme Court has recognized that "intangible" harms could in theory be concrete in certain circumstances, they must bear a " 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 594 U.S. at 417 (citing *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340-41 (2016)). Plaintiffs cite *TransUnion*'s discussion of public disclosure of private facts, *see* ECF No. 35 at PageID #: 442, but such claims require "publicity," *i.e.*, disclosure to the "public at large." *Killilea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 166 (1985); *see also Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (cited by *TransUnion* and discussing disclosure harm caused by publicity of private information under federal statute). Plaintiffs in the case at

5

(5:23CV1621)

bar, however, allege access by a single, unauthorized third party, not widespread disclosure. The harm alleged is potential future misuse of the kind dismissed in *TransUnion*, not publicity.

Defendant notes the Court of Appeals for the Sixth Circuit in *In re Sonic Corp.*, No. 20-0305, 2021 WL 6694843 (6th Cir. Aug. 24, 2021) did not allow spurious fears of potential harms and limited class membership only to financial institutions that "had cards affected by the breach and acted in response . . . by reissuing cards or reimbursing fraudulent charges." *Id.* at *3. Plaintiffs have been presented with fair opportunities to present facts that could support an assertion of materialized identity theft or fraud, but Plaintiffs have failed to do so, leaving them with only speculative claims of a remote risk of future harm. Plaintiffs reassert their allegations regarding diminution in the value of their personally identifiable information ("PII"). *See* ECF No. 29 at PageID #: 284, ¶ 17. Plaintiffs never allege, however, that they were trying to derive any value from their personal data, and standing on that basis is commonly denied. *See Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-36, 2023 WL 6383467, at *5 (S.D. Ohio Sept. 29, 2023) ("[E]ven if such a sale were possible, Plaintiffs do not allege that they planned to make such a sale in the future" or explain "*how* the value of their PII was diminished in the data breach, beyond presumptively claiming that it must have been.") (emphasis in original); *In re Zappos.com, Inc.*, 108 F. Supp.3d 949, 959 (D. Nev. 2015) (declining to find Article III standing when "[t]he possibility that the alleged harm could transpire in the as-of-yet undetermined future relegates Plaintiffs' injuries to the realm of speculation"). Instead, the allegations discuss the value paid by a cybercriminal on the dark web, *see* ECF No. 29 at PageID #: 294-95, ¶¶ 64-65 – an unlikely source of revenue for Plaintiffs. Plaintiffs do nothing to support these threadbare allegations, instead citing only to a non-binding district court decision, *In re Marriott Int'l, Inc.*,

6

(5:23CV1621)

*Customer Data Sec. Breach Litig.*, 440 F. Supp.3d 447, 461 (D. Md. 2020), wherein the district court's certification of the classes was vacated on appeal. *In re Marriott Int'l, Inc.*, 78 F.4th 677, 690 (4th Cir. 2023).

Having abandoned their attempts to establish currently realized injury, Plaintiffs instead rest their case on the claim that the risk of future harm is sufficient to establish Article III standing. *See* ECF No. 35 at PageID #: 441 ("The first and most obvious injury Plaintiffs allege is the impending risk of future harm from identity theft."). Plaintiffs cite *Galaria v. Nationwide Mut. Ins. Co.*, 663 Fed.Appx. 384 (6th Cir. 2016)[1] in support of their position. In *Galaria*, the Sixth Circuit held that the risk of future identity theft suffices for standing purposes. *Id.* at 388-89. While the Sixth Circuit has yet to officially reconsider *Galaria* in light of the Supreme Court's 2021 decision in *TransUnion*,[2] Plaintiffs argue that *TransUnion* does not overrule *Galaria*. ECF No. 35 at PageID #: 442.

In *TransUnion*, the Supreme Court made clear that "the risk of future harm on its own does not support Article III standing. . . ." 594 U.S. at 441. Instead, plaintiffs must demonstrate that "(1) there is material risk of concrete harm; and (2) plaintiffs can demonstrate 'some other injury' they suffered stemming from this risk." *Bowen v. Paxton Media Grp., LLC*, No. 5:21-CV-00143-GNS, 2022 WL 4110319, at *4 (W.D. Ky. Sept. 8, 2022) (quoting *TransUnion*, 594 U.S. at 437); *see also Tate*, 2023 WL 6383467, at *4 (rejecting allegation of "injuries arising

---

[1] Unpublished decisions of the Sixth Circuit are non-precedential and bind only the parties to those cases. *FDIC v. Dover*, 453 F.3d 710, 715 (6th Cir. 2006).

[2] *See Kingen v. Warner Norcross + Judd LLP*, No. 1:22-cv-01126, 2023 WL 8544231 (W.D. Mich. Oct. 4, 2023), appeal pending, No. 23-0108 (6th Cir.).

(5:23CV1621)

from the risk of future identity theft" as basis for injury in fact). Despite Plaintiffs' reliance on *Bowen*, a Kentucky district court decision which held that "*Galaria* is consistent with *TransUnion*." 2022 WL 4110319, at *5, they ignore a district court decision from Ohio which states that *TransUnion* "casts some doubt on the continued viability of *Galaria*" and suggests that "*Galaria*'s finding of an injury-in-fact based on a risk of future harm caused by a data breach may no longer be valid." *Brickman v. Maximus, Inc.*, No. 2:21-cv-3822, 2022 WL 16836186, at *3-4 (S.D. Ohio May 2, 2022).

Even an "objectively reasonable likelihood" of a threatened future injury is insufficient for standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). Rather, a plaintiff must demonstrate that the harm is "*certainly impending*." *Id.* at 409 (italics in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). The burden of demonstrating that a risk of future harm is "certainly impending" lies with Plaintiffs, not Defendant. *TransUnion*, 594 U.S. at 430-31. Plaintiffs cannot meet this burden. They do not allege anything about this breach in April 2023 that creates a plausible inference of the likelihood of harm, and they do not allege that any plaintiff lost any actual funds. *See Tate*, 2023 WL 6383467, at *4 ("when a party takes costly steps to mitigate the risk of future harm, those costs do not create standing where the future harm is not 'certainly impending' ") (quoting *Clapper*, 568 U.S. at 416).

Finally, James Marlin, Jaclyn Marlin, and Clarence W. Oliver Jr.'s lack of standing precludes class representation and requires dismissal of the First Amended Complaint (ECF No. 29). They cannot rely on the supposed injuries of absent putative class members for concrete harm. In putative class actions,"Plaintiffs are not absolved of their individual obligation to

8

(5:23CV1621)

satisfy the injury element of Article III just because they allege class claims." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F. 3d 576, 582 (6th Cir. 2016).

### B. Negligence, Implied Contract, and Implied Covenent of Good Faith and Fair Dealing Claims

Plaintiffs' Memorandum in Opposition (ECF No. 35) does not attempt to support their claim for breach of the implied covenant of good faith and fair dealing. Accordingly, the Third Claim for Relief is waived, abandoned, and conceded and is rejected as a matter of law. *See, e.g.*, *Santo's Italian Café LLC v. Acuity Ins. Co.*, 508 F. Supp.3d 186, 207 (N.D. Ohio 2020) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Lewis v. Cleveland Clinic Found.*, No. 1:12CV3003, 2013 WL 6199592, at *4 (N.D. Ohio Nov. 27, 2013)). In addition, Plaintiffs' implied contract claims are precluded as two of the plaintiffs (James Marlin and Clarence W. Oliver Jr.) had an express agreement with Defendant and the third plaintiff (Jaclyn Marlin) has no contractual relationship with Defendant at all. Likewise, Plaintiffs' inadequate claims regarding alleged negligence are barred by the economic loss doctrine,[3] and Plaintiffs fail to identify any breach of any applicable standard of care or cognizable injury that would provide an exception.

---

[3] In Ohio, the economic loss doctrine dictates that economic losses are properly the domain of contract law and are not redressable in tort. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 414 ¶ 6. In the absence of any claim for non-economic losses, Plaintiffs' negligence claim is barred. *Tucker v. Marietta Area Health Care, Inc.*, Nos. 2:22-cv-184, 2:22-cv-221, 2:22-cv-385, 2023 WL 423504, at *3 (S.D. Ohio Jan. 26, 2023) (dismissing negligence claim relating to data breach where no non-economic losses were alleged).

9

(5:23CV1621)

### C. Leave to Amend

Plaintiffs Memorandum in Opposition concludes by stating: "In the alternative, if the Court finds any claim insufficiently pleaded, Plaintiffs respectfully requests leave to amend their pleadings accordingly." ECF No. 35 at PageID #: 452. Plaintiffs do not attach a proposed Second Amended Complaint. Even considering Fed. R. Civ. P. 15's general directive, "perfunctory amendment requests . . . are inadequate," particularly when plaintiffs do not "attach a proposed amendment or otherwise indicate what allegations they might seek to amend." *Aleisa v. GOJO Indus.*, 538 F. Supp.3d 764, 776 (N.D. Ohio 2021).

### IV. Conclusion

Accordingly, Defendant's Motion to Dismiss First Amended Complaint Pursuant to Rules 12(b)(1) and (b)(6) (ECF No. 32) is granted.

IT IS SO ORDERED.

| | |
|---|---|
| May 22, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |